**FILED**

**June 21, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:19 A.M. EASTERN**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **DARLENE FREDIA EAVES,** | ) | **Docket No. 2016-03-1427** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AMETEK, INC.,** | ) | **State File No. 2405-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRUMBELL INSURANCE** | ) | **Judge Pamela B. Johnson** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER
### (Decision on the Record)

This matter came before the Court on Darlene Fredia Eaves' Motion for Contempt, Fee Petition, and Petition for Payment of Medical Expenses Incurred to Date, seeking a decision on the record. Ametek, Inc. did not request an evidentiary hearing. The Court issued a Docketing Notice listing the documents to be considered. Upon review, the Court holds it needs no additional information to determine whether Ms. Eaves is likely to prevail at a hearing on the merits of the claim and decides the issues on the written materials.

The central legal issues[1] are whether Ms. Eaves presented sufficient evidence to prove that: (1) Ametek is in contempt of the Court's Expedited Hearing Order entered December 29, 2017, for its failure to authorize treatment ordered by Dr. Harold Cates, the authorized treating physician; and (2) she is entitled to reimbursement of her medical expenses incurred relative to the work-related injury, which was the subject of the Expedited Hearing Order.

---

[1] Ms. Eaves filed a Fee Petition seeking attorney fees under Tennessee Code Annotated section 50-6-226(d)(1) (2017) but later withdrew it.

1

For the reasons below, the Court holds Ms. Eaves failed to come forward with sufficient evidence demonstrating she is likely to prevail at a hearing on the merits in proving Ametek's contempt, but she did provide sufficient evidence demonstrating she is likely to prevail at a hearing on the merits on entitlement to past medical expenses. Accordingly, the Court denies Ms. Eaves' Motion for Contempt but grants her Petition for Payment of Medical Expenses.

**History of Claim**
*Prior Expedited Hearing*

The relevant facts were more fully discussed in the December 29, 2017 Expedited Hearing Order and are incorporated as if set forth below. For context, Ms. Eaves fell on January 6, 2016, while using the crosswalk to Ametek's parking lot after work. She landed on her left side, injuring her left knee. She made a claim for workers' compensation benefits, which Ametek denied.

The parties disputed whether a defect existed in the parking lot to cause the fall. Ms. Eaves asserted she fell because her right heel caught in a crack in the pavement. She also indicated it was dark outside with poor lighting. Ametek denied the existence of cracks or other defects in the crosswalk and argued the lighting was sufficient. The Court found Ms. Eaves fell after her heel caught in a crack and held it caused her fall.

Ametek then argued Ms. Eaves' injuries were not caused by the fall but by work she performed renovating rental property. Ms. Eaves' primary care physician, Dr. Johnathan Hutchings, indicated she had no prior problems with her knee before the fall, and Dr. Cates stated the fall caused her symptoms and need for surgery. The Court concluded Ms. Eaves came forward with sufficient evidence demonstrating she was likely to prevail at a hearing on the merits that her injuries arose primarily out of and in the course and scope of her employment.

As to medical benefits, the Court found Ms. Eaves was reasonable in seeking medical treatment on her own once Ametek denied her claim. The Court ordered Ametek to provide reasonable and necessary medical treatment related to the injury and named Dr. Cates as the authorized treating physician. Because Ms. Eaves did not introduce evidence as to past medical expenses, the Court denied her request for reimbursement. The Court indicated Ms. Eaves could pursue her claim for past medical expenses and temporary disability benefits at a later date. Ametek did not appeal the Expedited Hearing Order.

*Post-Expedited Hearing Medical Treatment*

Following the hearing, Ms. Eaves continued treatment with Dr. Cates, who ordered a CT scan on April 6, 2018, and knee replacement surgery on April 16. Ametek

2

submitted Dr. Cates' orders for utilization review (UR) on April 11 for the CT scan and on April 17 for the surgery. The UR agent determined that the procedures were not medically necessary. Ms. Eaves appealed the UR denial to the Bureau's Medical Director, who on May 1 overturned the denials. On May 8, Ametek's carrier notified Dr. Cates' office of the decision, authorized the treatment, and instructed to proceed with scheduling the procedures. Dr. Cates' office scheduled the CT scan for June 1 and the surgery for June 11.

*Motion for Contempt*

Ms. Eaves argued Ametek's submission of the recommended procedures to UR violated the Expedited Hearing Order, which required Ametek to provide reasonably and necessary treatment related to the injury. Ms. Eaves further argued the referral to UR violated the Bureau's regulations. Specifically, she argued Ametek failed to initiate UR within three business days after Dr. Cates' recommendations. She further argued the UR agent failed to: obtain a complete copy of Dr. Cates' records, relied on a limited review of one office note, and failed to effectively communicate with Dr. Cates before determining the procedures were unnecessary.

In response, Ametek argued it complied with the Order and provided treatment under Tennessee Code Annotated section 50-6-204, which requires the medical treatment to be reasonable, medically necessary, and related to the work injury. It asserted it authorized medical appointments and paid medical bills. It further argued that Tennessee Compilation Rules and Regulations, Chapter 0800-02-06, Rules of Utilization Review, allowed utilization review of the recommended procedures.

Ametek further asserted that it timely and properly submitted the requested treatment to UR. Eric Gentry, the adjuster, stated he received Dr. Cates' order for the CT scan on April 11 and submitted a request for UR to determine the medical necessity on April 12. Mr. Gentry received the request for surgery authorization on April 16, and he contacted Dr. Cates' office on the same day to request that the office forward all supporting documents to UR. On April 17, Dr. Cates' office sent records to UR, and Mr. Gentry sent another request that UR determine the medical necessity of Dr. Cates' orders. The UR agent notified Mr. Gentry, Ms. Eaves' counsel, and Ametek's counsel on April 20 that the CT scan was not medically necessary. Following Ms. Eaves' appeal to the Medical Director and the overturn of the UR denial, Ametek contacted Dr. Cates' office to authorize the recommended treatment and to instruct his office to proceed with scheduling. It asserted it cooperated with the scheduling of all medical appointments, paid all submitted medical bills, and authorized all recommended treatment once UR determined the treatment was medically necessary.

3

*Petition for Payment of Medical Expenses*

Ms. Eaves asked the Court to order Ametek to reimburse her and her health insurance carriers for all medical expenses incurred relative to her work-related injury, which was the subject of the prior Expedited Hearing. She received a lien from her health insurance provider, listing billed charges of $26,847.69 and paid amounts of $6,919.92. Ms. Eaves submitted itemized medical expenses and bills totaling $27,785.80, including out-of-pocket expenses.

Ametek countered that these expenses were incurred before the Expedited Hearing, and this Court has not made a final decision on compensability or its liability for these expenses. It argued that unless this judgment is made or settlement occurs, the expenses remain disputed. It also contended the medical bills are hearsay and lack probative value to show whether the expenses are reasonable, necessary and/or related to the work injury.

Ms. Eaves noted Ametek did not specifically object to any of the submitted expenses. However, she alternatively requested an order directing Ametek to repay all reasonable and necessary medical expenses incurred from the date of injury to the present and directing counsel to confer to determine the appropriate amount.

## Findings of Fact and Conclusions of Law

Ms. Eaves need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1).

*Motion for Contempt*

The Workers' Compensation Law provides that the employer shall furnish, free of charge to the employee, medical treatment made reasonably necessary by the work injury. *See* Tenn. Code Ann. § 50-6-204 (a)(1)(A). To be entitled to treatment, the employee must show, to a reasonable degree of medical certainty, that the employment contributed more than fifty percent in causing the need for treatment, considering all causes. *See* Tenn. Code Ann. § 50-6-102(14)(C). Shown to a reasonable degree of medical certainty means that, in the opinion of the treating physician, it is more likely than not considering all causes. Tenn. Code Ann. § 50-6-102(14)(D). Further, treatment recommended by the authorized treating physician is presumed medically necessary. *See* Tenn. Code Ann. § 50-6-204(a)(3)(H); *see also Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Aug. 31, 2016).

4

Here, Dr. Cates is the authorized treating physician under the Expedited Hearing Order. Therefore, his recommended treatment is presumed medically necessary. However, Ametek is entitled to seek utilization review. *See generally* Tenn. Comp. R. & Regs. 0800-02-06.

Regulation 0800-02-06-.06(1) states an employer must submit a case for utilization review within three business days of notification of the recommended treatment. Mr. Gentry stated he submitted Dr. Cates' orders for the CT scan and knee replacement surgery within one day of receipt of the Order. Mr. Gentry further stated he requested Dr. Cates' office submit all supporting documents directly to the UR agent, which it did.

The Court finds that it ordered Ametek to provide Ms. Eaves with medical treatment under Tennessee Code Annotated section 50-6-204, which permits Ametek to seek utilization review of recommended treatment. The Court further finds Ametek did so within three days of notice of the recommendations. Following completion of UR and Ms. Eaves' appeal to the Medical Director, Ametek authorized Dr. Cates' office to schedule the recommended procedures within the timeframe under the Bureau's regulations. For these reasons, the Court holds Ms. Eaves failed to come forward with sufficient evidence demonstrating that Ametek is in contempt of the Expedited Hearing Order.

*Petition for Payment of Medical Expenses*

As noted above, an employer is legally obligated to provide an injured employee with reasonable and necessary medical treatment that is causally-related to the work accident. In circumstances where an employer refuses to provide medical treatment and/or denies the claim, the employer bears the risk of being held responsible for medical expenses if the claim is deemed compensable. *See McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13, ("[A]n employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice[.]").

In this case, the Court previously held in the Expedited Hearing Order that Ms. Eaves demonstrated she is likely to prevail at a hearing on the merits that her injuries arose primarily out of and in the course and scope of her employment with Ametek. The Court also found that she was reasonable in seeking medical treatment on her own once Ametek denied her claim. In the pending petition, Ms. Eaves introduced itemized medical bills paid by her private health insurance and receipts documenting her out-of-pocket expenses. Ametek objected on grounds of hearsay and argued the medical bills lack probative value to show whether the expenses are reasonable, necessary and/or related to the work injury. The Court overrules Ametek's objections, grants her petition, and concludes Ms. Eaves came forward with sufficient evidence demonstrating that she is

5

entitled to reimbursement of her medical expenses incurred relative to the work-related injury.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Ms. Eaves' Motion for Contempt is denied at this time.

2.  Ms. Eaves' Petition for Payment of Past Medical Benefits is granted. Ametek shall repay all reasonable and necessary medical expenses that Ms. Eaves' private health insurer paid and shall reimburse Ms. Eaves for her out-of-pocket expenses required for treatment of the work injury.

3.  This matter is set for a **Status Conference** on **August 27, 2018**, at **2:00 p.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

4.  Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2017). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5.  For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED June 21, 2017.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

6

## APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Expedited Hearing Order Granting Benefits
4. Motion for Contempt
5. Fee Petition
6. Petition for Payment of Medical Expenses Incurred to Date
7. Response in Opposition to Motion for Contempt
8. Motion for Second Opinion or Independent Medical Evaluation (IME)
9. Response to Motion for Second Opinion or IME
10. Order Denying Motion for Second Opinion or IME
11. Docketing Notice for On-The-Record Determination
12. Motion for Additional Time
13. Agreed Order Granting Additional Time
14. Employer's Position Statement and Objections
15. Employee's Reply to Employer's Position Statement and Objections.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on June 21, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|---------------|-----|-------|------------------|
| Joshua J. Bond, Employee's Attorney | | | X | jbond@hdclaw.com |
| Lynn C. Peterson, Employer's Attorney | | | X | lpeterson@lewisthomason.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

7